UNITED STATES DISTRICT COURT

DISTRICT COURT OF MINNESOTA
Cr. 25-359 (PJS/JFD)

---------------------------------------------

UNITED STATES OF AMERICA,
         Plaintiff,

vs.
                                   MOTION TO DISMISS

ISMAEL CHUPIN-HIGUERA,

         Defendant.

---------------------------------------------

      The above named defendant by and through his attorney, Kevin M. O'Brien, moves the Court for an Order dismissing the indictment on the grounds that the United States government has violated the Bail Reform Act (BRA) of 18 U.S.C. 31 and has deprived the defendant of his rights under the Speedy Trial Act 42 . Rule 48 (a) of the Federal Rules of Criminal Procedure allows dismissal with prejudice where the government's conduct undermines the administration of justice, Defendant requests dismissal with prejudice. However in the alternative, he requests dismissal without prejudice.

      A single count Indictment (Docket #1), alleging violation of Title 8, United States code, Section 1326 (a), was filed against the defendant on September 23, 2025 and was ordered sealed until the defendant's first appearance. (Docket #5 On November 14, 2015, defendant's first appearance was held, the indictment unsealed, and an arraignment and detention hearing was set for November 19, 2015. (Docket #10)

      The arraignment and detention hearing were then continued to December 2, 2025. (Docket #13). The defendant was arraigned and entered a plea of not guilty on December 2, 2025. The government then moved for a detention hearing, seeking pretrial detention. After hearing argument, the Court denied the government's detention request and ordered the defendant released pursuant to the BRA (Docket #16).

      Later that same December 2, 2025 the defendant was detained by Customs and Immigration Enforcement authorities for deportation to his native country of Mexico. By

1

so doing, the Executive Branch of the United States government eviscerated this Court's release Order, violated the BRA, deprived the defendant of due process, and rendered prosecution impossible. The government effectively treated the Court's Order for Release as an advisory opinion which it could feel free to ignore. Dismissal with prejudice is required given the irreparable and profoundly prejudicial misconduct by the United States government.

"A district court has inherent supervisory powers over its processes and those who appear before it." *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1180 (D. Or. 2012) (citing *United States v. Hasting*, 461 U.S. 499, 505 (1983)). "'Guided by considerations of justice,' and in the exercise of supervisory powers, federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress." *Hasting*, 461 U.S. at 505 (quoting *McNabb v. United States*, 318 U.S. 332, 341 (1943)). Appropriate uses of those supervisory powers include "to implement a remedy for violation of recognized rights" and "as a remedy designed to deter illegal conduct." *Id.* "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("If the government, by placing Santos-Flores in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy.").

By arresting the defendant following his arraignment, the United States government violated the BRA, which provides the exclusive mechanism for determining whether a defendant may be detained pending trial. After the government's request for a detention hearing was denied, the Executive Branch of the government had no authority to override that decision through civil immigration custody. The actions of the Custom and Immigration Enforcement authorities directed contravened a Court Order and nullified the statutory scheme enacted by Congress.

By deporting the defendant, the government deprived him of due process and caused him irreparable prejudice in that he has been denied his right to be present for his

defense, his right to confer with and assist counsel, and his right to a fair and speedy trial under the Speedy Trial Act.

Once this Court denied the government's request for detention, the government had two lawful options: proceed with prosecution under the conditions set by the Court, or dismiss the charge. What is should not be allowed to do is allow a different government agency to accomplish what the Court had expressly forbidden. There is no cure for this prejudice. Dismissal with prejudice is urged as a dismissal without prejudice would reward government misconduct and invite repetition. Only a dismissal with prejudice would protect the defendant's constitutional rights and would preserve the authority of this Court.

January 23, 2026

                                        Kevin M. O'Brien #80561
                                        Attorney for the Defendant
                                        1115 Hampshire Avenue N.
                                        Golden Valley, MN, 55427
                                        (612) 237-9510
                                        koblaw@aol.com