UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-0359 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| ISMAEL CHUPIN-HIGUERA, | |
| Defendant. | |

David Green and Kristian C.S. Weir, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Kevin M. O'Brien, for defendant.

Defendant Ismael Chupin-Higuera was charged with unlawfully reentering the United States after removal.  Chupin was deported while the charge was pending against him.  As a result, both the government and Chupin agree that this case should be dismissed.  They disagree only about whether the dismissal should be with or without prejudice.[1]

On March 24, 2026, Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") in which he recommended granting Chupin's motion to dismiss with prejudice.  The government objects, and asks the Court to dismiss without prejudice.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R.

---

[1]Nothing seems to be at stake as a practical matter.  If Chupin again reenters the United States, he can be charged again with illegal reentry.

Civ. P. 72(b).  Based on that review, the Court sustains the government's objection and dismisses the indictment without prejudice.

The Court does so reluctantly, as the government's conduct in this case has been abysmal.  The government filed its motion to dismiss only *after* (1) the government missed the deadline to respond to Chupin's motion, (2) Judge Docherty issued an order to show cause, (3) the government failed to comply with Judge Docherty's order, (4) Judge Docherty recommended the Court dismiss the indictment with prejudice, *and* (5) Judge Docherty ordered the Chief of the Criminal Division of the United States Attorney's Office to explain the Office's failures to respond.  ECF Nos. 24–27.  The Court shares Judge Docherty's frustration.

That said, the Court agrees with the government that Judge Docherty erred in finding a Speedy Trial Act violation—the premise of his recommendation that the indictment be dismissed with prejudice.  The Act provides that a criminal defendant must be brought to trial within 70 days of arraignment.  18 U.S.C. § 3161(c)(1).  Excluded from these days, however, is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(d).  Chupin filed his motion to dismiss on January 23, 2026—52 days after his arraignment on December 2, 2025.  ECF No. 23.  That motion tolled the speedy-trial clock, even though the motion was brought

under the Speedy Trial Act, and even though Chupin had been deported.  *See United States v. Hunt*, 169 F.4th 766, 771 (8th Cir. 2026) ("Even though [the defendant's] motion to dismiss alleged a Speedy Trial Act violation, this does not distinguish it from other pretrial motions which stop the speedy trial clock from running." (citations omitted)); *see also United States v. Montoya-Salazar*, No. 23-CR-0088 (NEB/DJF), 2023 WL 4456880, at *2 (D. Minn. July 11, 2023) (finding no speedy-trial violation even when the government's conduct in removing an individual was "the sole cause of [his] unavailability").[2]

The Court will also not use its inherent authority to dismiss the indictment with prejudice.  *See United States v. Solomon*, 679 F.2d 1246, 1253 n.12 (8th Cir. 1982) (dismissal of an indictment via the Court's supervisory power is a "drastic remedy" reserved for correcting "systematic and persistent abuse[s] of power").  As Magistrate Judge Elsa Bullard described in a comparable case, "the conduct in this case is not so egregious that it necessarily evidences a nefarious intent as opposed to something more pedestrian, like inattention or ineptitude."  *United States v. Lopez-Suazo*, No. 25-CR-0457 (NEB/EMB), 2026 WL 676370, at *6 (D. Minn. Feb. 18, 2026) (also noting a lack of authority suggesting that a court "can decline to give the executive branch the benefit of the

---

[2]Even if the Speedy Trial Act had been violated, "the district court has discretion to dismiss the indictment either with or without prejudice, and the Act does not indicate a preference between the two."  *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994) (citation omitted).

doubt" when exercising its supervisory powers (quotations omitted)), *report and recommendation adopted*, 2026 WL 662395 (D. Minn. Mar. 9, 2026).

For these reasons, the Court declines to adopt the R&R, but instead grants the government's motion to dismiss the indictment without prejudice under Fed. R. Crim. P. 48(a).

## ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's objection [ECF No. 29] is SUSTAINED.

2.    The Court REJECTS the R&R [ECF No. 25].

3.    Defendant's motion to dismiss with prejudice [ECF No. 23] is DENIED.

4.    Plaintiff's motion to dismiss without prejudice [ECF No. 27] is GRANTED.

5.    The Indictment [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 22, 2026                    /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge